Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
(202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| In re: | ) | Case No. 23-56-ELG |
|---|---|---|
|  | ) | (Chapter 7) |
| JASON DANIEL LUTTRELL | ) |  |
|  | ) |  |
| Debtor. | ) |  |

**MOTION TO APPROVE SETTLEMENT**

Comes now Jason Daniel Luttrell ("Mr. Luttrell" or the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7041 and 9019, and moves to approve a settlement agreement (the "Agreement," a copy of which is appended hereto as Exhibit A) between Mr. Luttrell and the Sarah E. Krieger Trust, Sarah E. Krieger and Evan Klondar (collectively, the "Krieger Parties") in resolution of the matter captioned as *Sarah E. Krieger Trust, et al. v. Luttrell*, Case No. 23-10020-ELG (the "Litigation"), and in support thereof states as follows:

**I.    Introduction**

Following more than a year of litigation, Mr. Luttrell and the Krieger Parties have resolved their disputes and arrived at an amicable conclusion to a case challenging both Mr. Luttrell's entitlement to receive a discharge herein and the dischargeability of a debt owed by Mr. Luttrell to the Krieger Parties. The Agreement comes on the eve of a planned two-day trial, will spare all

1

parties the incursion of palpable fees and expenses, will allow for the preservation of judicial resources and, most importantly, will bring a fair and just conclusion to the Litigation.

## II.     The Agreement Merits Approval

While Mr. Luttrell entered bankruptcy with myriad debts owed to a litany of unrelated parties, the obligation to the Krieger Parties is both what precipitated the need for Chapter 7 relief and what drove the Litigation. That the Agreement is with the Krieger Parties, and comes after nearly fifteen months of motions practice and discovery, is revealing of the innately equitable nature of the compromise itself; the Krieger Parties have been well represented by distinguished counsel throughout and the subject bargain is one borne of both Mr. Luttrell and the Krieger Parties approaching an imminent trial well aware of the potential merits and perils of their respective cases. This is the ultimate exemplar of an arm's length, delicately negotiated settlement, and it is one thusly well deserving of judicial approval.

As noted by the United States Bankruptcy Court for the Middle District of Florida, a three prong analysis guides the approval of settlements in actions challenging a debtor's discharge:

> Under Rule 9019 and Rule 7041, the standard for approval of the settlement of a 727 Complaint requires the Court to consider whether the settlement is fair and equitable and in the best interest of the estate and all creditors. In evaluating the settlement of a 727 Complaint, courts generally focus on three considerations: (1) whether all interested parties were given notice and an opportunity to intervene, (2) whether there is a benefit to the bankruptcy estate and all creditors, and (3) in cases where a 727 Complaint is combined with a 523 Complaint, whether the objection to discharge was settled before the resolution of the dischargeability of a specific debt.

*In re Rosinus*, 2021 Bankr. LEXIS 3169, at *12 (Bankr. M.D. Fla. Nov. 17, 2021) (citing *In re Djili*, 2012 Bankr. LEXIS 4984, 2012 WL 5246510 (Bankr. N.D. Cal. Oct. 23, 2012)).

Here, all parties in interest are being given notice of this motion and, as such, the first criterion of the *Rosinus* standard is readily satisfied. Similarly, while this is a case where a claim under Section 727 of Title 11 of the United States Code was combined with one under Section 523

thereof, this is not a case where one claim was resolved before the other and, as such, the third criterion is inapplicable. There is accordingly only the second prong to be substantively considered *sub judice*.

In terms of a benefit to the estate and all creditors, such is realized through the cessation of the Litigation and, with that, the finality that will be visited upon Mr. Luttrell's case. While no money is being paid to the trustee or creditors aside from the Krieger Parties, the Litigation is also such that no outcome would have resulted in funds being paid to the trustee or other creditors. Even putting aside the perceptive flaws in the discharge-centric claims (which Mr. Luttrell respects and appreciates to be subjective, and about which the Krieger Parties no doubt feel differently), the reality is that Mr. Luttrell is a married individual whose spouse is not jointly obligated on any of his debts: a denial of Mr. Luttrell's discharge would not have created an opening for the trustee or creditors to collect any palpable or noteworthy monies in the first instance.

It is telling that the trustee long ago declared Mr. Luttrell to have a so-called "no asset" estate. DE #32. The Litigation did not concern the propriety of any exemptions, did not state any claims against third parties holding assets beget through putatively-avoidable conveyances, and focused—primarily—on conduct uniquely impactful upon the Krieger Parties. While claims were made concerning the strategic deposit of paychecks into a spousal account, the only alleged motivation for such actions was avoiding collection actions on the part of the Krieger Parties. Similarly, claims concerning a failure to keep financial records were punctuated almost entirely by the theorization of how such records might have aided the Krieger Parties in collecting on a large debt. And without diminishing the gravity of schedules and a statement of financial affairs, the claimed errors and omission therein concerned only (i) a digital watch of *de minimis* value; (ii) the exclusion of a third party creditor holding a claim of similarly *de minimis* value; and (iii) the

inadvertent assumption that Mr. Luttrell had guaranteed a corporate debt when, in reality, it appears he did not do so.

Stated otherwise, these are not claims that materially concerned third parties aside from those enmeshed in the Litigation and the resolution of these claims will not materially impact any third parties. The Agreement simply restores the universe to the form in which it existed on the eve of the Litigation being docketed: Mr. Luttrell has a no asset bankruptcy estate and the opportunity to seize upon the fresh start promised long ago by the Book of Deuteronomy and, in the modern legal lexicon, by Title 11 of the United States Code.

### III.    Conclusion

WHEREFORE, Mr. Luttrell respectfully prays this Honorable Court (i) approve the Settlement; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: October 1, 2024

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
(202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of October, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

4