## GLOBAL SETTLEMENT AGREEMENT

This Global Settlement Agreement ("Settlement Agreement") is entered into by and between: Jason Daniel Luttrell ("Mr. Luttrell" or the "Debtor"), Sarah E. Krieger Trust (the "Trust"), Sarah E. Krieger ("Ms. Krieger") and Evan Klondar ("Mr. Klondar") (the Trust, Ms. Krieger, and Mr. Klondar being collectively known as the "Krieger Parties" and each a "Krieger Party") (the Krieger Parties and the Debtor being collectively known as the "Parties" and each a "Party").

## RECITALS

WHEREAS, the Krieger Parties are judgment creditors of Mr. Luttrell, with said judgment stemming from litigation in the Superior Court for the District of Columbia (the "Litigation," with the ensuing judgment being known as the "Judgment"); and

WHEREAS, on or about February 18, 2023, the Debtor filed a voluntary petition for bankruptcy relief, thereby commencing the matter of *In re Luttrell* in the United States Bankruptcy Court for the District of Columbia (the "Bankruptcy Court") as denoted by case number 23-56-ELG (the "Bankruptcy Case"); and

WHEREAS, the Krieger Parties thereafter initiated an adversary proceeding in the Bankruptcy Court, assigned case number 23-10020-ELG (the "Adversary Proceeding"), asserting, *inter alia*, that Mr. Luttrell's debt to the Krieger Parties is not dischargeable in nature and that Mr. Luttrell ought not receive a bankruptcy discharge; and

WHEREAS, Mr. Luttrell denies that his actions would invite a denial of his discharge and, equally, that his debt to the Krieger Parties is not dischargeable in nature; and

WHEREAS, the Parties, wishing to avoid the expense, uncertainty, and general duress of litigation, and wishing to formally and finally resolve any and all disputes between and amongst Mr. Luttrell and the Krieger Parties, elect to now enter into this Settlement Agreement;

NOW, THEREFORE, in consideration of the mutual covenants contained herein, IT IS AGREED as follows:

## AGREEMENT

1.  **Initial Payment**. Within five (5) business days of this Settlement Agreement being approved by the Bankruptcy Court, Mr. Luttrell shall cause to be paid to Tayman Lane Chaverri LLP as agents for the Trust, the sum of Five Thousand Dollars and No Cents ($5,000.00) in the lawful currency of the United States, via personal check or wire transfer, in accordance with the payment instructions contained in paragraph 13 of this Settlement Agreement.

2.  **Subsequent Payments.** Commencing on the one (1) month anniversary of the payment called for in Section 1 hereof (or, should said payment occur on the 29th, 30th, or 31st day of a month, then on the 28th day of the subject month), and continuing thereafter each month, on the same date of each month, for a period of fifteen (15) months, Mr. Luttrell shall cause to be paid to Tayman Lane Chaverri LLP as agents for the Trust, the sum of One Thousand Dollars and No Cents ($1,000.00) in the lawful currency of the United States, via personal check or wire transfer, in accordance with the payment instructions contained in paragraph 13 of this Settlement Agreement.

3.  **Forbearance from Licensure.** For a period of one (1) year, commencing on the date when this Settlement Agreement is approved by the Bankruptcy Court, Mr. Luttrell shall forbear from seeking—or otherwise obtaining—any licensure to work as a general contract in the District of Columbia or elsewhere in the United States.

4.  **Initial Discharge.** On the date this Settlement Agreement is approved by the Bankruptcy Court, or as soon thereafter as the Bankruptcy Court may cause a discharge to be issued, the whole of the Judgment, saving and excepting the sum of Two Hundred Fifty Thousand Dollars and No Cents ($250,000.00), together with any other obligations of Mr. Luttrell to any one

Page **2** of 7

or more of the Krieger Parties, shall be deemed discharged by operation of Section 727 of Title 11 of the United States Code.

5. **Ensuing Discharge.** Upon Mr. Luttrell making each of the payments called for in Sections 1 and 2 hereof, and not being in default hereunder (as defined in Section 7 hereof), the whole of the Judgment, together with any other obligations of Mr. Luttrell to any one or more the Krieger Parties, shall be deemed discharged by operation of Section 727 of Title 11 of the United States Code, without the need for any further action of the Bankruptcy Court.

6. **Forbearance.** For so long as Mr. Luttrell is not in default hereunder, the Krieger Parties shall forbear from taking any action to collect upon the Judgment (including the portion thereof not immediately discharged under Section 4 hereof), from selling or otherwise alienating or assigning the Judgment, from seeking discovery in aid of collection, or from otherwise taking any actions against Mr. Luttrell or the property of Mr. Luttrell that, if taken prior to the entry of a discharge and/or the closure of the Bankruptcy Case, would constitute a violation of the automatic stay set forth in Section 362 of Title 11 of the United States Code.

7. **Default**. Should Mr. Luttrell fail to make any of the payments called for in Sections 1 and/or 2 hereof, and should such failure persist for a period of time in excess of five (5) calendar days following notice of such failure being given by one or more of the Krieger Parties, to Mr. Luttrell in accordance with paragraph 12 of this Settlement Agreement then Mr. Luttrell shall be deemed to be in default under this Settlement Agreement. By express design, a default hereunder shall not be curable except that, as provided in this Section 7, Mr. Luttrell shall have five (5) calendar days to cure any failure, following the giving of notice thereof, before said failure is deemed to constitute a default.

8. **Release of Mr. Luttrell**. The Krieger Parties, on behalf of themselves and each of their respective agents, successors, trustees, abandonees, subsidiaries, parents, affiliates, heirs and assigns, do hereby settle, release, waive, remise and discharge Mr. Luttrell, together with Mr. Luttrell's successors, heirs, assigns, and agents, from all causes of action, claims, rights, or demands, whatsoever, whether sounding in law or equity, whether known or unknown, whether direct or derivative, which any of them has or ever had against Mr. Luttrell, since the beginning of time through the Effective Date. The release set forth in this Section 8 shall be construed to be as broad as may be permitted under governing law, except this release does *not* include a release of any obligations arising under this Settlement Agreement.

9. **Dismissal of Litigation.** Within three (3) business days of the Bankruptcy Court entering an order approving this Settlement Agreement, the Parties shall file a joint stipulation of dismissal, with prejudice, in the Adversary Proceeding.

10. **Further Assurances.** The Parties shall execute such further and additional documents as may be necessary to effectuate the terms of this Settlement Agreement and shall cooperate, in good faith, so as to effectuate the terms of this Settlement Agreement.

11. **Judicial Approval.** Within one (1) business day of the execution of this Settlement Agreement, Mr. Luttrell shall file a motion pursuant to Federal Rules of Bankruptcy Procedure 7041 and 9019, seeking approval of the terms of this Settlement Agreement. Should said motion be denied, this Settlement Agreement shall be void.

12. **Notice.** Any notices required to be given to Mr. Luttrell hereunder—including any notice required by Section 7 hereof—shall be made by e-mail sent to luttrell0@gmail.com and via certified mail to Jason Luttrell, 6322 5th Street, NW, Washington, DC 20011, with said notice being deemed given upon the later of (i) the date on which said notice is sent; or (ii) three (3)

business days before the date on which the certified mailing is delivered to the aforementioned postal address.

13. **Payment Instructions.** All payments made by Mr. Luttrell pursuant to this Settlement Agreement shall be delivered via certified US Mail to Tayman Lane Chaverri LLP, attn: Katie Lane Chaverri, Esq., 2001 L Street NW, Suite 500, Washington, DC 20036.

14. **No Admission of Liability.** Mr. Luttrell does not enter into this Settlement Agreement for purposes of admitting any liability and, to the contrary, this Settlement Agreement is entered into solely out of a desire to avoid future litigation.

15. **Terminology.** When the masculine gender is used herein, it shall also mean the feminine gender, where appropriate, and the plural shall mean the singular, and vice-versa, where appropriate. The words "and" and "or" shall be construed as meaning "and/or" except where contextually inappropriate.

16. **Entire Understanding.** This Settlement Agreement contains the entire understanding between the Parties. No modification or waiver of any of the terms of this Settlement Agreement shall be valid unless made in writing and signed by the Parties in a manner no less formal than that with which this Settlement Agreement is executed.

17. **Savings Clause.** If any provision of this Settlement Agreement is held to be invalid or unenforceable, all other provisions shall nevertheless continue in full force and effect.

18. **No Waiver**. Any waiver or breach or default of this Settlement Agreement shall not be deemed a waiver of any subsequent breach or default. If any Party fails in due performance of any of his or her obligations hereunder, the aggrieved Party shall have the right to sue for damages for the breach thereof, or to seek other legal remedies as may be available to him or her,

and the defaulting Party shall pay the reasonable legal fees and expenses incurred by the aggrieved Party as a result of the breach.

19. **Counterparts.** This Settlement Agreement may be executed in counterparts, each of which shall be deemed to be an original instrument but all of which together shall constitute one agreement. Signature pages transmitted via facsimile or by email in Portable Document Format (PDF) shall be deemed original signatures for all purposes. This Settlement Agreement may be executed in duplicate and the duplicate shall have the same force and effect as if it were the original copy. This Settlement Agreement may be executed by electronic means if done through a reputable third party purveyor of electronic signatures, with DocuSign and Adobe expressly being such reputable third party purveyors.

20. **Governing Law.** This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the United States of America and the District of Columbia.

21. **Headings.** The headings used in this Settlement Agreement are for ease of reference only and shall not be deemed a substantive portion of this Settlement Agreement.

22. **Construction.** This Settlement Agreement shall be construed without regard to any presumption or other rule of law requiring construction against the party who caused it to be drafted.

23. **Recitals.** The above recitals form an integral and substantive part of this Settlement Agreement and are incorporated herein by reference.

*[Signatures on Following Page]*

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement on the dates indicated.

_____    _____
Date    Sarah Krieger
    *Individually and as Trustee of the Sarah E. Krieger Trust*

_____    _____
Date    Evan Klondar

10/1/2024
_____    _____
Date    Jason Luttrell

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement on the dates indicated.

| Date | Signature |
|---|---|
| 10/01/2024 | *Sarah Krieger* — Sarah Krieger, *Individually and as Trustee of the Sarah E. Krieger Trust* |
| 10/1/2024 | *Evan Klondar* — Evan Klondar |
| | Jason Luttrell |