Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
(202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-56-ELG |
| | ) | (Chapter 7) |
| JASON DANIEL LUTTRELL | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION TO SHORTEN TIME**

Comes now Jason Daniel Luttrell ("Mr. Luttrell" or the "Debtor"), by and through undersigned counsel, pursuant to Local Rule 9013-2, and moves this Honorable Court to shorten the response time for the Motion to Approve Settlement (the "Motion") filed by Mr. Luttrell of even date herewith, and in support thereof states as follows:

**I.    Introduction**

Some 591 days after this case was commenced, Mr. Luttrell can finally report that the end is near. A settlement agreement (the "Agreement") has been reached with the Debtor's counterparties in litigation challenging both Mr. Luttrell's discharge and the dischargeability of a certain large debt; with approval of that Agreement will, finally, come an end to the substantive obstacles standing between Mr. Luttrell and a proverbial fresh start.

Insofar as this Honorable Court has long reserved two days for a trial on the merits of the litigation between Mr. Luttrell and the Agreement's counterparties, and insofar as such litigation

1

would have invariably brought about a closure to these proceedings, it is urged one of those two dates be preserved for a hearing on the Agreement: having finally settled the litigation, equity well dictates the reward for such an amicable resolution not be the perils of further delay.

## II.     Standard

The Federal Rules of Bankruptcy Procedure expressly allow, *inter alia*, "…when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c).

The Local Rules of this Honorable Court, in turn, provide a specific procedure for the shortening of time and for the noticing of an expedited hearing:

> If a movant requests that the time for filing objections should be shortened and/or that a more expedited hearing is needed, the movant shall contemporaneously file a separate motion (a "Motion to Shorten") requesting that the court shorten the time to object and/or requesting that the Court set an expedited hearing (an "Expedited Hearing Motion"). The Motion shall include statements explaining why the underlying substantive motion requires an expedited ruling by the Court and any time restrictions or other relevant information. A notice of the underlying substantive motion(s) shall not be filed until the Court rules on the Motion to Shorten or Expedited Hearing Motion.

Local Rule 9013-2(a).

## III.    Argument: Time Should be Shortened

A great deal of time and effort has been poured into preparing this matter for trial, on the part of all parties to the litigation underlying the Agreement. But for the existence of a settlement, this case would resolve—one way or another—in the coming days. No third parties sought to intervene as trial neared, no third parties have so much as shown any interest in the adversary proceeding, and there is every reason to believe the Agreement brings a close to a dispute that has long been solely between Mr. Luttrell and three related creditors. Allowing the current trial date

to serve as the date of finality is altogether just, equitable and fit, especially in the prism of a case that has pended for so long.

There is also an innate efficiency to approving the Agreement sooner rather than later, insofar as Mr. Luttrell has various obligations thereunder that begin to run upon judicial approval. It is in the best interests of all parties for those obligations to commence running as soon as may be expediently possible; no one benefits by further delay. This is particularly true insofar as approval of the Agreement is all that stands between Mr. Luttrell and a discharge; assuredly, 15 months is already well long enough for Mr. Luttrell to have been a debtor in this Honorable Court.

### IV.     Conclusion

WHEREFORE, Mr. Luttrell respectfully prays this Honorable Court (i) shorten time to respond to the Motion to 4:00 pm, prevailing Eastern Time, on Friday, October 4, 2024; (ii) schedule a hearing on the Motion for Monday, October 7, 2024 at 9:30 am prevailing Eastern Time, to be conducted via hybrid means; and (iii) afford such other and further relief as may be just and proper.

                                                Respectfully submitted,

Dated: October 1, 2024                       By: /s/ Maurice B. VerStandig
                                                Maurice B. VerStandig, Esq.
                                                Bar No. MD18071
                                                The Belmont Firm
                                                1050 Connecticut Avenue, NW
                                                Suite 500
                                                Washington, DC 20036
                                                (202) 991-1101
                                                mac@dcbankruptcy.com
                                                *Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of October, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig